No. 7322

**7322** STATE OF LOUISIANA.

OTTO SIZELER

vs.

COURT OF APPEAL

J. M. USHER

PARISH OF ORLEANS.

# OPINION.

Writ of certiorari and prohibition on Hon Val J. Stentz, judge of the First City Court for the Parish of Orleans.

St. Paul J.

This is an application for a writ of prohibition. Relator. Otto Sizeler, obtained a judgment against defendant Usner, and issued a garnishment to zimmermann Tailoring Co. The latter failed to answer and judgment went against it "pro confesso" on January 2nd 1918.

On January 5th, 1918, and therefore before the judgment became final and executory (C. P. 1139 R.S. 2088), the garnishee filed its answer to the interrogatories denying any indebtedness to the defendant, and applied for a new trial on the ground that it had "inadvertently and without fault failed to answer the interrogatories propounded to it."

Upon a rule to show cause and after due hearing the judge of the City Court granted a new trial and set aside the judgment "pro confesso".

We are not concerned with the correctness of this judgment; the only question involved is whether it was within the judicial power of the judge to render such an order. If it was, it must stand; if it was not, we must set it aside.

We are satisfied the City judge acted well within his powers. The judgment was not final and it was within his discretion to allow a new trial. (State vs Justice 40 An 52)

In Flder vs Rogers, 11 An 606, the Supreme Court held that it was within the sound discretion of the judge to allow a garnishee to answer even after the interrogatories had been taken "pro confessis", provided the judgment had not yet become final.

The ruling in that case was cited and approved in the following cases, Rose vs Whaley, 14 An 374, Marchand vs Noyes, 33 An 882 Cusachs vs Dugue, 113 La 273. See also Monroe Grocer Co vs Perdue, 123 La 375, 580.

Rulings to the same effect were made in Hennen vs Forget, 27 An 381 and Tapp vs Green. 22 An 42.

The only case apparently to the contrary is Warren vs Copp, 48 An 810. But it is only apparently so, for in that case the judgment which the Supreme Court refuse to permit to be set aside, was one which had become final before the application for relief was made, and which had therefore gone out of and beyond the discretion and even the power of the judge.

It is therefore ordered that the Writ herein issued be recalled, and the demand of the Relator is rejected at his cost.